UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM,<br><br>　　　　　Plaintiff (s),<br>　v.<br><br>SONIC SOLUTIONS,<br>　　　　　Defendant(s). | No. **C 07-05111 MJJ**<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

　　　　IT IS HEREBY ORDERED that this action is assigned to the Honorable Martin J. Jenkins. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order   and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

　　　　IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 10/4/2007 | Complaint filed | |
| 1/2/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 1/15/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |
| 1/22/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm 11, 19th Floor, SF at 2:00 PM | Civil _L.R.  16-10 |

*  If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER

**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor
Monica Narcisse, Courtroom Deputy
(415) 522-2123

All counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

1. **COURT DATES**: The Court will hear the following matters on the following days and times:

    a. Civil Law and Motion Calendar is heard on **Tuesday at 9:30 a.m.**
    b. Criminal Calendar is heard on **Thursday at 2:00 p.m.**
    c. Criminal Calendar in Oakland is heard on **Friday at 2:30 p.m.**
    c. Case Management/Status Conferences are held on **Tuesday at 2:00 p.m.**
    d. Civil Pretrial Conferences are held on **Tuesday at 3:30 p.m.**

2. **MOTIONS:** Motions shall be filed and set for hearing in accordance with Civil Local Rule 7 and this Court's Standing Order.  Motions shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday.  Pursuant to Civil Local Rule 7-1(b), the Court may, in its discretion, adjudicate motions without oral argument.  An opposing party's failure to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of said motion.

3. Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov to confirm that their matters are still on calendar.

4. **PROPOSED ORDERS**: Each party filing or opposing a motion shall also serve and file a proposed order, which sets forth the relief the party requests the Court to adopt.  The proposed order shall include the following subsections: Background, Legal Standard, Analysis and Conclusion, and shall include a level of detail reciting the rationale of the decision, including factual background and citations to authority.

5. **SUMMARY JUDGMENT/ADJUDICATION:** All summary judgment/adjudication issues shall be contained within a single motion of twenty-five (25) pages or less.  Parties shall not file multiple or seriatim motions for summary judgment /adjudication without prior leave of the Court.  Pursuant to Civil Local Rule 56-2, in any pending motion for summary judgment/adjudication, the parties are ordered to meet, confer and submit, on or before ten (10) court days prior to the date of the hearing, a joint statement of undisputed facts.  Only one joint statement of undisputed facts, signed by all parties, should be filed.

6.  **CHAMBERS COPIES:** Pursuant to Civil Local Rule 5-1(b), counsel shall submit an extra copy of any document filed with the Court, marked by counsel as a copy for "Chambers." Chambers copies shall be submitted of any electronically filed document ten (10) pages or more in length. However, Chambers copies shall be submitted of *any* document (e-filed or otherwise) containing attachments, regardless of the number of pages. Counsel filing a document under seal pursuant to a protective order shall submit a complete Chambers copy of said document, even if only a portion of the document is confidential, indicating which portions of the document are covered by the protective order. Parties are required to familiarize themselves and comply with this Court's separate "Standing Order for Cases Involving Sealed or Confidential Documents."

7.  **MISCELLANEOUS ADMINISTRATIVE REQUESTS AND *EX PARTE* APPLICATIONS:** All miscellaneous administrative requests and *ex parte* applications are considered on the papers and may not be set for a hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief and that sanctions may be imposed for misuse of *ex parte* applications.

8.  **CONTINUANCES:** Counsel requesting a continuance of any conference, hearing, deadline, or other procedural changes, must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time. Continuances will be granted only upon a showing of good cause, particularly focusing upon evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

    Except in extraordinary circumstances, stipulated changes to the briefing schedule or hearing date for a motion must be filed not less than fourteen (**14**) days prior to any affected date.

    **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

9.  **UNTIMELY AND IMPROPER FILINGS:** Any document sought to be filed with the Court after the required time, or in an improper manner or form, shall not be considered by the Court. Any attorney in violation of such requirements will be subject to other sanctions pursuant to Civil Local Rule 1-4.

10. **DISCOVERY:** All discovery matters shall be referred to a United States Magistrate Judge for the specific purpose of hearing all discovery disputes, unless otherwise ordered by the court. The words **DISCOVERY MATTER** shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing.

    The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

11. **CRIMINAL PLEAS:** Prior to a plea being entered in a criminal case, an Application for Permission to Enter Plea of Guilty must be completed. A copy of the plea agreement must be delivered to chambers **by 12:00 p.m.** the day prior to the entry of plea.

12. **COMMUNICATION WITH CHAMBERS:** Counsel shall not attempt to make contact by telephone or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy at **(415) 522-2123** with appropriate inquiries. Counsel should list their facsimile transmission numbers along with their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.

13. **NOTICE OF THIS ORDER:** Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving notice of these requirements upon defendant's counsel. If the action came to the Court via a noticed removal, this burden falls to the removing defendant.

**IT IS SO ORDERED.**

Dated:

———————————————
**MARTIN J. JENKINS**
UNITED STATES DISTRICT JUDGE

Revised: 9/07

**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor

Monica Narcisse, Courtroom Deputy
(415) 522-2123

## STANDING ORDER FOR CASES INVOLVING SEALED OR CONFIDENTIAL DOCUMENTS

In addition to conforming to the local rules and any other applicable rules, all stipulated protective orders must conform the following requirements:

<u>Proposed Protective Orders</u>

1.  The court will not approve a broad protective order that essentially gives each party carte blanche to decide which portions of the record will be sealed and, therefore, not made part of the public record. <u>See</u> Civ. L. R. 79-5; <u>Citizens First Nat'l Bank v. Cincinnati Ins. Co.</u>, 178 F.3d 943 (7th Cir. 1999). Fed. R. Civ. Pro. 26(c) as well as the local rules require the court to determine whether good cause exists to seal any portion of the record. Therefore, all proposed protective orders submitted for court approval which contain provisions for filing documents under seal, must also provide a procedure for obtaining the sealing order that complies with Civ. L. R. 79-5.

<u>Requests to File Documents Under Seal</u>

2.  Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

3.  However, if the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the court may order that the document be filed in the public record.

<u>Use of Sealed Documents in Motion Papers</u>

4.  The court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-

dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions and/or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. See Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

Use of Sealed or Confidential Documents at Trial

     5.    Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and/or will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135-36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

     If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall within two business days of the conclusion of the trial identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

Revised 9/07

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  Motions: All prior and pending motions, their current status, and any anticipated motions.

5.  Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.