SARA B. BRODY (Bar No. 130222)
CAROL LYNN THOMPSON (Bar No. 148079)
CECILIA Y. CHAN (Bar No. 240971)
MATTHEW D. THURLOW (Bar No. 243470)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Sara.Brody@hellerehrman.com
CarolLynn.Thompson@hellerehrman.com
Cecilia.Chan@hellerehrman.com
Matthew.Thurlow@hellerehrman.com

Attorneys for Defendants
SONIC SOLUTIONS, DAVID C. HABIGER,
ROBERT J. DORIS, A. CLAY LEIGHTON,
MARY C. SAUER, MARK ELY, ROBERT M. GREBER,
PETER J. MARGUGLIO and R. WARREN LANGLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM AND PLYMOUTH COUNTY RETIREMENT SYSTEM, On Behalf of Themselves and All Others Similarly Situated,<br><br>             Plaintiff,<br><br>     v.<br><br>SONIC SOLUTIONS, DAVID C. HABIGER, ROBERT J. DORIS, A. CLAY LEIGHTON, MARY C. SAUER, MARK ELY, ROBERT M. GREBER, PETER J. MARGUGLIO and R. WARREN LANGLEY,<br><br>             Defendants. | Case No.: C 07-5111(JSW)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' SUPERSEDING MOTION TO DISMISS THE [CORRECTED] CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:     September 5, 2008<br>Time:     9:00 a.m.<br>Crtrm:    2<br>Trial Date: None Set<br><br>The Honorable Jeffrey S. White |

Defendants Sonic Solutions, David C. Habiger, Robert J. Doris, A. Clay Leighton, Mary C. Sauer, Mark Ely, Robert M. Greber, Peter J. Marguglio and R. Warren Langley's ("Defendants") Superseding Motion to Dismiss the [Corrected] Consolidated Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing on September 5, 2008, at 9:00 a.m. in this Court. Counsel for Defendants and for Plaintiffs were in attendance and presented oral arguments. Having considered the parties' papers filed in support of and in opposition to the motion, oral argument, and other pleadings and papers on file herein, the Court finds the following:

1. With respect to the first cause of action for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Plaintiffs fail to plead facts giving rise to a "cogent and compelling" inference of scienter on the part of any Individual Defendant, as required by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007). Because Plaintiffs have failed to plead scienter as to any of the Individual Defendants, they also fail to plead scienter as to the Company. As to Defendants Ely, Greber, Langley, and Marguglio, Plaintiffs also fail to attribute any misstatement to them because the Complaint does not allege with the required particularity that these Defendants participated in the preparation of the challenged statements. Nor has the Complaint successfully alleged that these Defendants participated in a scheme to be held liable under the theory of "scheme" liability.

2. With respect to the second cause of action for violation of Section 14(a) of the Exchange Act, to the extent that this claim is based on Sonic's 2003 and 2004 proxy statements, it is time barred because these proxy statements were issued more than three years before this lawsuit was filed. As to the 2005 proxy statement, the Complaint fails to plead an "essential link" between any alleged misstatement and any injury to investors or plead any facts raising a "strong inference of negligence" on the part of the Defendants.

3. With respect to the third cause of action for violation of Section 20(a) of the Exchange Act, Defendants are not liable as control persons because Plaintiffs have failed to plead a predicate violation of the federal securities laws. Moreover, Plaintiffs have failed to

1

plead with particularity facts establishing that any of the Individual Defendants exercised control over the Company.

4.  With respect to the fourth cause of action for violation of Section 20A of the Exchange Act, Defendants are not liable for the insider trading claims because Plaintiffs have failed to plead a predicate violation of the federal securities law.  In addition, Plaintiffs have not alleged that they purchased Sonic securities contemporaneously with the purported sales of Defendants Sauer, Ely, Marguglio, Langley, and Greber.

**IT IS THEREFORE ORDERED** that Defendants' Superseding Motion to Dismiss is **GRANTED**, and the Complaint is dismissed without leave to amend.

**IT IS SO ORDERED.**

DATED: _____

_____
The Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE

SF 1463391 v1