UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM and PLYMOUTH COUNTY RETIREMENT SYSTEM, On Behalf of Themselves and All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>SONIC SOLUTIONS, et al.,<br><br>       Defendants. | No. C 07-05111-CW<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE: April 8, 2010<br>TIME: 2:00 p.m.<br>COURTROOM: The Honorable<br>      Claudia Wilken |

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 2, 2009, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of October 12, 2009 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all Persons who purchased or otherwise acquired Sonic publicly traded securities during the period from and including October 23, 2002 and May 17, 2007. Excluded from the Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest or that is a parent or subsidiary or is controlled by any Defendant, Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors or assigns, and members of Defendants' immediate families. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Proposed Settlement of Class Action, as set forth in Exhibit 1 hereto.

4. With respect to the Settlement Class, this Court finds for the purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact

common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Parties. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class, and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Upon the Effective Date, the Lead Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

8. Upon the Effective Date, the Lead Plaintiffs and all Settlement Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, Settlement Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings

and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11.   Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14.   The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____          _____
                                THE HONORABLE CLAUDIA WILKEN
                                UNITED STATES DISTRICT JUDGE

Respectfully submitted,

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
CHRISTOPHER M. WOOD
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JOY ANN BULL

          s/ Joy Ann Bull
           JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

| | |
|---|---|
| 1 | |
| 2 | LABATON SUCHAROW LLP<br>CHRISTOPHER J. KELLER<br>JONATHAN GARDNER |
| 3 | 140 Broadway, 34th Floor<br>New York, NY 10005 |
| 4 | Telephone: 212/907-0700<br>212/818-0477 (fax) |
| 5 | |
| 6 | Co-Lead Counsel for Plaintiffs |
| 7 | VANOVERBEKE MICHAUD<br>  & TIMMONY, P.C. |
| 8 | MICHAEL J. VANOVERBEKE<br>THOMAS C. MICHAUD |
| 9 | 79 Alfred Street<br>Detroit, MI 48201 |
| 10 | Telephone: 313/578-1200<br>313/578-1201 (fax) |
| 11 | |
| 12 | Additional Counsel for Plaintiffs |

S:\Settlement\Sonic Solutions.set\[Proposed] Final Judgment.doc

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - C 07-05111-CW

- 6 -

# EXHIBIT 1

AS OF JANUARY 20, 2010

NO REQUESTS FOR EXCLUSION HAVE BEEN RECEIVED

**EXHIBIT 1**